## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIRK A. HUFFMAN,
　　　　　　Appellant,

　　　v.

DEPARTMENT OF THE NAVY,
　　　　　　Agency.

DOCKET NUMBERS
DC-0752-14-0047-I-1
DC-0752-15-0714-I-1

DATE: April 5, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dirk A. Huffman, Hampton, Virginia, pro se.

Patricia Reddy-Parkinson, Esquire, Sandra E. Dickerson, Esquire, and
　　Daniel Fevrin, Esquire, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision in these two joined appeals, which found that the agency rescinded his indefinite suspension, concluded that he failed to prove his affirmative defenses, and sustained his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.   Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify why the appellant's affirmative defenses to his indefinite suspension are unavailing, we AFFIRM the initial decision.

## BACKGROUND

¶2      This matter involves an indefinite suspension appeal, *Huffman v. Department of the Navy*, MSPB Docket No. DC-0752-14-0047-I-1, Initial Appeal File (0047 IAF), Tab 1, and a removal appeal, *Huffman v. Department of the Navy*, MSPB Docket No. DC-0752-15-0714-I-1, Initial Appeal File (0714 IAF), Tab 1.  The administrative judge joined them after the close of record in each and issued a single initial decision.  0047 IAF, Tab 25; 0714 IAF, Tab 44.

¶3      The appellant most recently held an Information Technology Specialist position at the Ship Liaison Unit of the agency's Military Sealift Command. 0714 IAF, Tab 5 at 21, 39.  The position required that he maintain a security clearance.  0714 IAF, Tab 5 at 72, Tab 6 at 18.  In March 2013, the appellant reported a breach of personally identifiable information (PII) pertaining to a large number of agency employees.  0047 IAF, Tab 4 at 83-85.  In doing so, he first sent a message to the agency's Chief Information Officer from his personal email

account with a link to the compromised PII. *Id*. at 83, 85-86. He subsequently forwarded the link to compromised PII to 17 Ship's Communications Officers from his official email account. *Id.* at 84. As a result, the agency suspended his access to classified information and areas where it was maintained because he failed to follow proper protocol for handling both the PII itself and the PII breach. *Id.* at 166, 171. Based on this access suspension, the agency also imposed an indefinite suspension from service. *Id.* at 80-82, 158-62.

¶4    In October 2013, the appellant timely appealed his indefinite suspension. 0047 IAF, Tab 1. Although the agency later cancelled the indefinite suspension,[2] the administrative judge allowed the appeal to proceed for adjudication of the appellant's affirmative defenses of whistleblower reprisal and retaliation for engaging in protected equal employment opportunity (EEO) activity. 0047 IAF, Tab 12 at 2-3, Tab 15 at 16-17, Tab 18; 0714 IAF, Tab 45, Initial Decision (ID) at 3, 5-11. While that matter was pending, the agency removed the appellant for conduct unbecoming a Federal employee based on the same incidents underlying the suspension of his access to classified information. 0047 IAF, Tab 4 at 80; 0714 IAF, Tab 5 at 22-26, 39-42.

¶5    After the appellant timely appealed his removal, the agency propounded discovery requests to the appellant in the removal appeal, to which he failed to respond. 0714 IAF, Tab 1, Tab 12 at 7-25. The agency then filed a motion to

---

[2] The agency indicated that it cancelled the indefinite suspension "in an abundance of caution" following the Board's decisions, as relevant here, in *Ulep v. Department of the Army*, 120 M.S.P.R. 579 (2014), and *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516 (2014). 0047 IAF, Tab 15 at 4. In each of those decisions, the Board found harmful error caused by the agencies' failure to comply with Department of Defense procedures when indefinitely suspending the employees involved based on the suspension or revocation of their security clearances; thus, the Board reversed the indefinite suspensions. *Ulep*, 120 M.S.P.R. 579, ¶¶ 4‑6; *Schnedar*, 120 M.S.P.R. 516, ¶¶ 3, 8-12. However, the Board later clarified in *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶¶ 7‑13 (2015), that the procedures at issue in *Ulep* and *Schnedar* are not required for indefinite suspensions based on interim access suspensions pending final adjudication of an employee's security clearance, such as the indefinite suspension here. 0047 IAF, Tab 4 at 80-81.

compel. 0714 IAF, Tab 12 at 4-6, Tab 15. After the administrative judge granted the agency's motion to compel, the appellant provided both initial and supplemental responses. 0714 IAF, Tab 16 at 1, Tab 17 at 28-37, Tab 19 at 6-13. The agency moved to dismiss the appeal, arguing that the responses were deficient. 0714 IAF, Tab 17 at 4-8, 28-37, Tab 19 at 4-13, 16-19. While that motion was pending, the agency filed a second motion to dismiss after the appellant failed to appear at his deposition. 0714 IAF, Tab 21 at 4-8, 19-23, 27-33. After the appellant responded to the agency's motions, the administrative judge declined to dismiss the removal appeal but sanctioned the appellant by prohibiting him from testifying at the hearing or offering information that would have been responsive to the agency's discovery requests. 0714 IAF, Tab 23 at 4-5.

¶6    The appellant waived his right to a hearing, and the administrative judge issued a decision on the written record. 0047 IAF, Tab 11; 0714 IAF, Tab 36; ID at 4. Concerning the indefinite suspension appeal, she found that the agency fully rescinded the adverse action. ID at 4-5. She also found that the appellant failed to prove his EEO and whistleblower reprisal affirmative defenses. ID at 5-11. Concerning the removal appeal, the administrative judge found that the agency met its burden of proving the charge, nexus, and reasonableness of the penalty. ID at 11-14, 18-19. She also found that the appellant failed to meet his burden of proving his affirmative defenses. ID at 14-18. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 5-6.

## ANALYSIS

MSPB Docket No. DC-0752-14-0047-I-1: Indefinite Suspension Appeal

¶7    As previously mentioned, the agency presented argument and evidence that it cancelled the appellant's indefinite suspension during the adjudication of his appeal. 0047 IAF, Tab 15. The administrative judge found that the agency's

actions amounted to a full rescission; therefore, she did not need to adjudicate the merits of the indefinite suspension except to the extent necessary to address the appellant's affirmative defenses. ID at 4. The appellant does not dispute that finding on review, and we discern no basis for reaching a different conclusion.[3]

¶8 The administrative judge next found that the indefinite suspension appeal was not moot because the appellant had raised claims of reprisal for EEO and whistleblowing activity that, if proven, could result in damages. *Id*. On review, the appellant has alluded to these affirmative defenses. PFR File, Tab 1 at 5-7. For the reasons that follow, we modify the administrative judge's analysis of these affirmative defenses while still finding them unproven.

¶9 An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016). An agency may indefinitely suspend an appellant when his access to classified information has been suspended and he needs such access to perform his job. *Palafox*, 124 M.S.P.R. 54, ¶ 8. In such a case, the Board has the authority to review whether: (1) the appellant's position required access to classified information; (2) the appellant's access to classified information was suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513. *Id.* In addition, the Board has the authority under 5 U.S.C.

---

[3] On petition for review, the appellant appears to assert that the agency committed harmful error by relying on "Privacy Act information" to indefinitely suspend him, allegedly in violation of agency policy. PFR File, Tab 1 at 4-5, 11. This appears to be a new argument but may be related to his argument below that the agency violated the Privacy Act by placing him on administrative leave and indefinitely suspending him without questioning him first. 0047 IAF, Tab 8 at 6-7. The administrative judge addressed this claim in connection with the appellant's removal appeal, finding no procedural error because the Privacy Act does not concern how an agency investigates an allegation of employee wrongdoing. ID at 16-17. We agree. The Privacy Act concerns maintenance and disclosure of, and access to, Federal agency records about an individual that contain an "identifying particular assigned to the individual." 5 U.S.C. § 552a. It does not address how an agency conducts disciplinary investigations.

§ 7701(c)(2)(A) to review whether the agency provided the procedural protections required under its own regulations. *Id.* Because a tenured Federal employee has a property interest in continued employment, the Board also may consider whether the agency provided minimum due process in taking the indefinite suspension action. *Id.*

¶10    Although the Board has the authority described above, it lacks the authority to review the merits of an agency's decision to suspend access to classified information. *Id.* Therefore, the Board is precluded from reviewing allegations of prohibited discrimination and EEO and whistleblower reprisal when such affirmative defenses relate to a security clearance determination. *See Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶¶ 8, 15 (2014) (finding that an administrative judge appropriately declined to adjudicate the appellant's whistleblower reprisal claim in connection with a security clearance-based removal because such a claim went to the merits of the agency's underlying basis for finding the appellant ineligible to access noncritical sensitive information); *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶¶ 18-19 (2014) (finding that the Board cannot review an appellant's disability discrimination claim in connection with a security clearance-based indefinite suspension). That is because analysis of discrimination and reprisal claims in such cases would require the Board to assess the validity of the agency's reason for taking the challenged action, i.e., the validity of the security clearance determination. *Grimes*, 122 M.S.P.R. 36, ¶ 15; *Putnam*, 121 M.S.P.R. 532, ¶ 18.

¶11    However, the Board has held open the possibility of a viable affirmative defense that is brought in such a way that it would not require the Board to review the substance of the underlying security clearance determination, e.g., a defense that solely goes to the issue of penalty and is based on the agency's treatment of similarly situated individuals outside of the appellant's protected class. *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 n.* (2010). Relying on *Helms*, the administrative judge in this case appropriately addressed

the appellant's EEO and whistleblower reprisal affirmative defenses to determine whether his indefinite suspension was tainted by EEO or whistleblower reprisal. ID at 4 n.3, 5.

> *We discern no basis to disturb the administrative judge's determination that the appellant failed to prove EEO reprisal but modify her reasoning to apply the correct standard.*

¶12     For the appellant's EEO reprisal claim, the administrative judge recognized that the deciding official was aware of the appellant's EEO activity, but she found that the appellant failed to prove a "genuine nexus" between his EEO activity and his indefinite suspension. ID at 5-7. In reaching this conclusion, the administrative judge relied on the standard set out in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). The *Warren* standard applies to alleged retaliation for "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation" in which an appellant did not allege EEO discrimination or retaliation, or seek to remedy whistleblower reprisal. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 32. The use of this standard was in error, because the appellant raised a claim of retaliation for engaging in EEO activity. *Id.* We therefore modify the decision to apply the correct standard.

¶13     An appellant may prove an affirmative defense of retaliation for Title VII activity by showing that his protected activity was a motivating factor, i.e., played any part in the agency's action. *Id.*, ¶¶ 20-22. The agency may then assert a defense that it would have taken the same action anyway, and in that instance the appellant's relief may be limited. 42 U.S.C. § 2000e-5(g)(2)(B); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94-95 (2003). For the appellant to obtain the full measure of relief under the statute, including damages, his protected activity must have been "a but-for cause" of the action. *Pridgen*, 2022 MSPB 31, ¶ 22 (citation omitted). The appellant may meet this burden by submitting any combination of direct or indirect evidence, including (a) evidence of "suspicious

timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn," also known as "convincing mosaic"; (b) comparator evidence, consisting of "evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic . . . on which an employer is forbidden to base a difference in treatment received systematically better treatment"; or (c) evidence that the agency's stated reason for its action is "unworthy of belief, a mere pretext for discrimination." *Id.*, ¶¶ 23-24 (citations omitted). The motivating factor standard does not apply to a claim of retaliation for activity protected under the Americans with Disabilities Act. *See id.*, ¶ 47 (rejecting the use of a mixed-motive standard for such claims). Instead, an appellant must prove that retaliation was a "but-for" cause of the agency's action. *Id.*, ¶¶ 44-47.

¶14     Here, the administrative judge cited the *Warren* standard. However, she also explicitly reasoned that the appellant failed to explain what his EEO activity was about, much less how it might have "motivated" relevant parties to retaliate against him. ID at 6-7. The administrative judge further credited the deciding official because he provided sworn testimony that the EEO activity played no role in the appellant's indefinite suspension and that an indefinite suspension from service was the agency's usual response to any employee's security clearance suspension. ID at 7. We discern no basis for disturbing these findings of fact or reaching a different conclusion. Because the appellant failed to prove that his EEO activity was a motivating factor in his indefinite suspension, we do not reach the question of whether his EEO activity was a "but-for" cause of the suspension.

¶15     Although the appellant has alluded to his EEO reprisal claim on review, his argument is little more than a misunderstanding of the administrative judge's findings. According to the administrative judge, the deciding official knew of the appellant's EEO activity, ID at 6, but there was no evidence that the proposing

official or anyone else involved in the indefinite suspension knew of his EEO activity, ID at 6 n.4. The appellant mistakenly reads those two finding in isolation to assert that they are contradictory. PFR File, Tab 1 at 5-6. Read together, the administrative judge distinguished between those who knew, i.e., the deciding official, and those who did not, i.e., everyone else. Accordingly, the appellant's argument is unavailing.

> *The administrative judge properly found that the agency proved by clear and convincing evidence that it would have suspended the appellant absent his whistleblowing.*

¶16    When whistleblower retaliation claims are made in the context of an otherwise appealable action, as here, the appellant must prove by preponderant evidence that he made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the personnel action at issue. *See Pridgen*, 2022 MSPB 31, ¶ 49. If he does so, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosure or activity. *Id.* In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶17    The administrative judge applied this standard to find that the appellant presented a prima facie case of reprisal regarding his March 2013 disclosures about PII and the indefinite suspension from service that followed, ID at 8-9, but the agency proved that it would have taken the same indefinite suspension in the absence of those disclosures, ID at 9-11. She reasoned that the evidence in support of the indefinite suspension was very strong because the appellant's

access to classified information was indisputably suspended; the relevant parties had only a slight motive to retaliate; and there was strong evidence of the agency taking similar actions against similarly situated nonwhistleblowers. *Id.*

¶18    Although the administrative judge otherwise analyzed this claim correctly, she included a footnote suggesting that the agency's decision to suspend the appellant's access to classified information was due to his disclosure of PII. ID at 9 n.10. We vacate this finding. It was not necessary to the administrative judge's analysis of the appellant's whistleblower reprisal claim, and it improperly veered into the merits of the security clearance determination, which is beyond the scope of Board review. *Supra* ¶¶ 10-11.

¶19    For the same reason, the appellant's only argument on review about this affirmative defense is unavailing. The appellant has alluded to his whistleblower reprisal claim, but only to argue that his disclosures did not contain PII. PFR File, Tab 1 at 7. Yet that argument suggests that we should look at the strength of the evidence in support of his security clearance suspension, rather than the strength of the evidence in support of his indefinite suspension from service (which *was* based on the suspended security clearance but *was not* based on the disclosure of PII), which we cannot do for purposes of the appellant's affirmative defense in his indefinite suspension appeal. *Supra* ¶¶ 10-11.

MSPB Docket No. DC-0752-15-0714-I-1:  Removal Appeal

*The administrative judge properly sanctioned the appellant.*

¶20    On July 31, 2015, the agency filed a motion to compel in the appellant's removal appeal, with argument and evidence that he had not responded to its interrogatories, requests for documents, or requests for admissions, despite the agency's good faith efforts to communicate with him regarding his failure to respond. 0714 IAF, Tab 12 at 4-25; *see* 5 C.F.R. § 1201.73(c)(1) (requiring a party to first attempt to resolve any discovery disputes before filing a motion to compel). On August 27, 2015, the agency requested a ruling on that

motion because the appellant still had not responded to its discovery requests. 0714 IAF, Tab 15 at 4.

¶21    The administrative judge granted the agency's motion to compel on September 16, 2015, instructing the appellant to immediately respond to the discovery requests and warning that he could be subject to sanctions if he did not comply. 0714 IAF, Tab 16 at 1. On October 6, 2015, the agency moved to dismiss the appeal as a sanction, with argument and evidence that, although the appellant did submit something, his discovery submission was deficient and nonresponsive. 0714 IAF, Tab 17. For example, in response to interrogatories asking that he specify the basis of his unexplained prohibited personnel practice and harmful error claims, the appellant asserted that "it is not the job of the [a]ppellant to conduct legal research for another party." *Id*. at 29. As another example, he declined to explain his claim for damages or provide supporting evidence because he had not yet "formulated" his request. *Id.* at 30. Days later, the appellant submitted additional responses, which the agency filed to supplement its motion to dismiss.[4] 0714 IAF, Tab 19.

---

[4] On review, the appellant acknowledges that the agency supplied the additional discovery responses to supplement its motion to dismiss but argues that the agency was not "candid and forthright" concerning his purported cooperation to resolve their discovery dispute. PFR File, Tab 1 at 8. However, he has failed to provide any substantive explanation for this assertion. He had the opportunity to raise the agency's alleged impropriety below but did not do so. *Compare* 0714 IAF, Tab 17 (the agency's initial motion to dismiss), Tab 19 (the agency's supplemental motion to dismiss), *and* Tab 21 (the agency's second motion to dismiss), *with* 0714 IAF, Tab 18 (the appellant's response to the agency's initial motion to dismiss), Tab 20 (the appellant's response to the agency's supplemental motion to dismiss), *and* Tab 22 (the appellant's response to the agency's second motion to dismiss); *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Further, the evidence in the record does not support the appellant's claims that he was cooperative in resolving the discovery dispute. *E.g.*, 0714 IAF, Tab 22 at 24‑27 (reflecting the agency's efforts to obtain the appellant's responses to its written discovery).

¶22     On October 29, 2015, before the administrative judge ruled on the initial motion to dismiss, the agency filed another motion to dismiss, asserting that the appellant also failed to appear for his deposition the day before.  0714 IAF, Tab 21 at 4-5.  The agency presented argument and evidence that after the appellant ignored its request for his availability, it unilaterally scheduled his deposition.  *Id.* at 19-23.  The appellant did not respond to the agency's deposition notice or appear for his deposition on the scheduled date.  *Id*. at 20, 27-33.

¶23     The administrative judge denied the agency's motions to dismiss but sanctioned the appellant by precluding him from testifying or from submitting evidence that was the subject of the September 16, 2015 order granting the agency's motion to compel.  0714 IAF, Tab 23 at 1.  As a result, the administrative judge did not consider several of the appellant's prehearing exhibits.  ID at 11-12 (referencing 0714 IAF, Tab 26 at 7-23).

¶24     Administrative judges may impose sanctions upon the parties as necessary to serve the ends of justice.  5 C.F.R. § 1201.43.  When a party fails to comply with an order, the administrative judge may "[p]rohibit the party failing to comply with the order from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information." 5 C.F.R. § 1201.43(a)(2).  The imposition of sanctions is a matter within the administrative judge's sound discretion, and absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error.  *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012).

¶25     On review, the appellant argues that it was improper for the administrative judge to impose sanctions because he resolved the discovery dispute as reflected in "pleading 2015051490," which he describes as missing from the record.  PFR File, Tab 1 at 4, 6-9.  The appellant made a similar assertion below, indicating that "pleading number 2015053506" responded to the agency's

discovery requests but was removed from e-Appeal Online. 0714 IAF, Tab 18 at 4-5. We are not persuaded.

¶26    Although the appellant suggests that his pleadings are missing from e-Appeal Online, the Board's electronic filing system, it appears that they were simply rejected because he mistakenly filed them with the Board. *Compare* 0714 IAF, Tab 3 at 2-3 (instructing the parties that discovery responses should not be filed with the Board and indicating that, if they are filed with the Board, they will be rejected, and referencing 5 C.F.R. § 1201.71, which provides for filing discovery requests and responses with the Board only in connection with a motion to compel), *with* 0714 IAF, Tab 18 at 4-5 (the appellant's assertion that he uploaded compelled discovery to e-Appeal Online and the pleading was removed). Some, if not all, of the corresponding documents were attached to the agency's motion for sanctions. 0714 IAF, Tab 17 at 28-37, Tab 19 at 6-19. As previously discussed, those documents demonstrate that the appellant failed to provide substantive responses to many of the agency's discovery requests.

¶27    Under the circumstances described above, we find no abuse of discretion in the administrative judge's imposition of sanctions.[5] *See, e.g.*, *Smets*, 117 M.S.P.R. 164, ¶¶ 5, 11-12 (finding no abuse of discretion when an administrative judge prohibited the appellant from submitting additional evidence on an affirmative defense because she failed to comply with an order to appear for her deposition). Therefore, we will not consider the excluded evidence or the appellant's reassertion of his harmful error affirmative defense, which relies on that evidence. PFR File, Tab 1 at 6. Similarly, because we find the

---

[5] The administrative judge's order granting sanctions did not provide details concerning the appellant's response to the order compelling discovery. 0714 IAF, Tab 23 at 1. It simply indicated that the appellant failed to comply. *Id.* The administrative judge later described her sanctions as stemming from the appellant's failure to cooperate in discovery. ID at 3-4, 11. To clarify, the appellant did provide responses to the agency after being ordered to do so, but the nature of those responses and lack of cooperation, generally, warranted the sanctions imposed.

imposition of sanctions proper, we will not revisit the appellant's unequivocal hearing waiver, which he now attributes to the sanctions precluding him from testifying. *Id.* at 9; *see* 0714 IAF, Tab 36 at 4.

> *The administrative judge properly determined that the agency proved its charge.*

¶28    As further detailed in its proposal letter, the agency's conduct unbecoming charge included two specifications, alleging that the appellant mishandled PII and failed to follow the agency's protocols for reporting a PII breach when he (1) reported a compromise of PII on March 26, 2013, with a link to that PII, to the wrong agency official and from his private email account, and (2) reported the compromise of PII on March 27, 2013, with a link to that PII, to 17 other agency employees. 0714 IAF, Tab 5 at 39-40. The administrative judge found that the agency met its burden of proving both specifications underlying the single charge. ID at 12-14.

¶29    In finding that the agency met its burden, the administrative judge indicated that "[t]he record shows, and the appellant does not dispute, that he sent the two emails in question and that both emails included a link to the compromised PII." ID at 13. On review, the appellant asserts that he did dispute the agency's allegations. PFR File, Tab 1 at 6-7. In doing so, he cites to evidence he submitted with his indefinite suspension appeal. *Id.* at 6 (referencing 0047 IAF, Tab 1 at 25-26).[6] That evidence is a September 2013 letter he sent to the Federal Bureau of Investigation (FBI), containing a number of allegations, one of which seems to assert that the emails underlying his removal did not link to the compromised PII. 0047 IAF, Tab 1 at 24-27.

---

[6] In his petition for review, the appellant identified the evidence to which he was referring as "initial appeal DC-0752-14-0047-I-1 at 22-23." PFR File, Tab 1 at 6. We have concluded that the appellant was citing his own pagination and referring to 0047 IAF, Tab 1 at 25-26.

¶30    Even if we were to find that the administrative judge should have but failed to consider this evidence from the appellant's other appeal that he now references, we find that it would not warrant a different result. That single letter from the appellant to the FBI, alleging that he did nothing wrong, does not outweigh the agency's probative evidence in support of the charge. *See, e.g.*, 0714 IAF, Tab 5 at 47-56, 65-66, Tab 6 at 20-21, Tab 42 at 12-13. Among other things, that agency evidence included sworn declarations of multiple agency officials indicating that the appellant's emails did, in fact, link to the compromised PII. 0714 IAF, Tab 5 at 47-49, Tab 42 at 11-12. Accordingly, we agree with the administrative judge's conclusion that the agency proved its charge.[7]

*The administrative judge correctly found that the agency proved nexus and the reasonableness of the penalty.*

¶31    In addition to the requirement that the agency prove its charge, the agency also must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for the adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 24 (2016). Here, the administrative judge indicated that the nexus requirement was met because the appellant's misconduct occurred on duty. ID at 18. We agree. *See Campbell*, 123 M.S.P.R. 674, ¶ 24 (recognizing that there is a presumption of a nexus when the misconduct occurred in part at work). Although the appellant disputes nexus,

---

[7] As to the appellant's affirmative defenses in his removal appeal, on review he only alleges that the administrative judge erred in finding that the agency returned him to duty upon reinstatement of his security clearance. PFR File, Tab 1 at 9 (citing ID at 18). He argues that the agency's failure to return him to work was "arbitrary" and thus violated merit systems principles. *Id.* However, contrary to the appellant's claims, the administrative judge found that the agency declined to return the appellant to work, and instead proposed his removal. ID at 12. The language that the appellant challenges is the administrative judge's characterization of his claims. ID at 18; 0714 IAF, Tab 43 at 6-7. We find no reason to disturb the administrative judge's findings that the appellant failed to prove this and his other affirmative defenses. ID at 14-18.

generally, he has failed to present any substantive argument warranting further analysis or a different conclusion. PFR File, Tab 1 at 9.

¶32    In an adverse action appeal such as this, the Board also will review an agency-imposed penalty, but only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Campbell*, [123 M.S.P.R. 674](#), ¶ 25. In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* It is not the Board's role to decide what penalty it would impose, but, rather, to determine whether the penalty selected by the agency exceeds the maximum reasonable penalty. *Id.*

¶33    The administrative judge found that the agency did consider the relevant penalty factors and that removal was within the tolerable limits of reasonableness. ID at 18-19. She noted, inter alia, that the appellant had not expressed any remorse for his behavior. *Id.* at 19. On review, the appellant disputes that penalty factor. PFR File, Tab 1 at 7-8. He asserts that he properly reported the compromised PII and did nothing wrong, so it was inappropriate to consider his lack of remorse. *Id*. This argument is unavailing because the agency proved its charge. ID at 12-14. It also further supports the administrative judge's conclusion that the appellant has not expressed remorse. Absent any other argument concerning the penalty, we discern no basis for disturbing the administrative judge's well-reasoned conclusion that removal was reasonable.

¶34    To conclude, in the appellant's indefinite suspension appeal, we affirm the administrative judge's determination that the agency rescinded the adverse action. We modify the standards and reasons for why the appellant failed to prove his claims of EEO and whistleblower reprisal in that appeal. In the appellant's removal appeal, we affirm the administrative judge's findings, sustaining the action.

# NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.